IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JEAN DE DIEU SIMO** <br> C/O 8757 Georgia Avenue, Ste 440 <br> Silver Spring, MD 20910 <br><br> PLAINTIFF, <br><br> v. <br><br> **JD EUROWAY BANCORP & TRUST**, <br> Principal U.S. Office: <br> 212 7th Street SE <br> Washington, DC 20003, <br><br> **SERVE:** <br> Registered Agents Legal Services, LLC <br> 1013 Centre Road, Suite 403S <br> Wilmington, DE 19805, <br><br> AND, <br><br> **ZEPHIR G. FRITZ** <br> 6455 Rue Jean Talon No. 706, <br> Montreal, Quebec H1S 3E7 Canada <br><br> AND, <br><br> **ASTOU FRITZ** <br> 6455 Rue Jean Talon No. 706, <br> Montreal, Quebec H1S 3E7 Canada <br><br> DEFENDANTS. | Civil Case No.:_____ |

---

**COMPLAINT AND PRAYER FOR JURY TRIAL**

Jean De Dieu Simo ("Plaintiff") by and through his attorneys, Joseph M Fah and the law offices of FAH LAW GROUP, P.C., brings this civil action against JD Euroway Bancorp & Trust, Zephir G. Fritz, and Astou Fritz ("Defendants") and as ground therefore, states as follows:

## NATURE OF THE ACTION

1. This case grows out of a contractual arrangement between Plaintiff, Mr. Jean De Dieu Simo, and Defendants, Mr. Zephir Fritz and Mrs. Astou Fritz, in which Mr. Simo wired $970,000.00 to the defendants' corporation, JD Euroway Bancorp & Trust.

2. This was predicated on the understanding that upon receipt of this amount, the defendants, with dispatch, would wire this amount to Mr. Simo's U.S. investment account, which is registered and current with CMB Regional Center Group.

3. Despite protracted efforts from Mr. Simo, and repeated sworn assurances and reassurances from the defendants to either complete the wire transfer or refund Mr. Simo, this string of promises have not seen the light of the day. And so, Defendants have repeatedly reneged on their promises, leaving Mr. Simo with no shred of hope.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000 and is between a citizen of a foreign state and citizens of the United States.

5. This Court also has federal question jurisdiction under 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c) (civil RICO).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. At all times relevant to this action, Plaintiff, Jean De Dieu Simo, was and is still a citizen and resident of the Republic of Cameroon.

8. At all times relevant to this action, Defendant JD Euroway Bancorp & Trust is a business entity organized under the laws of Delaware, with its principal place of business located at 212 7th Street Southeast, Washington, D.C. 20003.

9. Its registered agent for process service is Registered Agents Legal Services LLC, located at 1013 Centre Road, Suite 403S, Wilmington, DE 19805.

10. At all times relevant to this action, Defendant Zephir G. Fritz was the owner and CEO of JD Euroway Bancorp & Trust.

11. At all times relevant to this action, Defendant Astou Fritz was owner of JD Euroway Bancorp & Trust of and closely worked with Defendant Zephir Fritz.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

12. On or about June 28, 2021, Plaintiff entered into a written agreement in Yaoundé-Bastos, Cameroon, with M2 Finances, a financial consulting firm represented by Rose Simone Manguele, and Simkamex LLC, a New Jersey company represented by Françoise Mbia Kamaha.

13. The agreement included non-disclosure and confidentiality provisions to safeguard the financial strategies and information exchanged for the benefit of Plaintiff.

14. At the same time, Plaintiff formally authorized M2 Finances and JD Euroway Bankcorp & Trust to assist in transferring his funds in the amount of $970,000.00 (543,000,000 FCFA) to the United States for investment purposes.

15. Under the mandate, M2 Finances and JD Euroway were to transfer said funds to Plaintiff's U.S. investment account within 2 to 7 days.

16. On July 22, 2021, following Plaintiff's instructions, Afriland First Bank in Cameroon wired 620,850,750 FCFA to JD Euroway's account.

17. On July 27, 2021, M2 Finances communicated to Plaintiff the investment account number 1256310851 at BC PME Bank, listing JD Euroway as the account holder. The funds were confirmed to be deposited in that account.

18. On that same day, Plaintiff sent written authorization to Defendant Zephir Fritz, CEO of JD Euroway Bankcorp & Trust, instructing him to wire $970,000.00 to CMB Regional Center Group 78 on Plaintiff's behalf.

19. Despite this explicit mandate and numerous follow-up requests, Defendants failed to transfer the funds or refund this amount.

20. On October 5, 2021, Plaintiff terminated the agreement with M2 Finances due to breach of duty.

21. On October 28, 2021, Defendant Fritz Zephir, through legal counsel—Cyrille Noah, Esq., attorney at law in Cameroon—acknowledged his failure to perform the mandate in a notarized letter served to Plaintiff and promised to refund the funds no later than November 10, 2021.

22. That promise was never fulfilled. To date, Defendants have failed to refund any portion of the $970,000.00 entrusted to them.

23. Despite repeated efforts to recover his funds from the Defendants, there was never a response.

24. In early January 2025, the Plaintiff decided to contact the Defendants' attorney's directly in order to obtain his funds.

25. On February 17, 2025 the Defendants' attorney—Cyrille Noah, Esq—through whom the Defendants promised to pay back the money, informed the Plaintiff that he no

longer represents the Defendants and that they have not been heard from and that he—too—has been looking for them.

26. Plaintiff further discovered that the Defendants never intended to carry out the transfer or refund the funds. This was part of a deliberate fraudulent scheme, and the assurances of payments were intentionally engineered to lure the Plaintiff into believing he will be refunded.

27. Plaintiff subsequently discovered that multiple other individuals have been similarly defrauded by Defendants under the same or similar pretense.

## CAUSES OF ACTION
### COUNT I: FRAUD

28. Plaintiff readopts and reincorporates here the statements contained in paragraph 1 through 27 as if fully set forth here and further states as follows:

29. Defendants made a false representation of material facts to the Plaintiff because they provided assurances that they would transfer $970,000.00 entrusted to them by the Palintiff, to Plaintiff's U.S. investment account with CMB Regional Center Group.

30. Defendants knew that the statements were false because they misrepresented the fact of transferring $970,000.00 to Plaintiff's U.S. investment account with CMB Regional Center Group.

31. Defendants intended for the Plaintiff to rely on this misrepresentation.

32. Plaintiff reasonably or justifiably relied on the misrepresentation by wiring the full amount to the Defendants for them to in turn wire said amount to his U.S. investment account with CMB Regional Center Group.

33. As a direct and proximate result of Defendant's fraudulent actions, the frustration of Plaintiff's contractual expectation, Plaintiff has suffered financial, reputational, and emotional injury.

## COUNT II: BREACH OF CONTRACT

34. Plaintiff readopts and reincorporates here the statements contained in paragraph 1 through 27 as if fully set forth here and further states as follows:

35. Plaintiff entered into a valid contract with the Defendants because Defendants agreed to receive and transfer $970,000.00 to Plaintiff's U.S. investment account.

36. Plaintiff has fully performed his obligations under the contract because he has wired $970,000.00 to Defendants in reliance on Defendant's contractual promise to transfer this $970,000.00 to Plaintiff's U.S. investment account.

37. Defendants have failed to perform or otherwise breached the terms of the contract in all material respects because they have failed to either transfer $970,000.00 to Plaintiff's U.S. investment account or refund this amount to Plaintiff.

38. The defendants' performance has not otherwise been waived or legally excused.

39. As a direct and proximate result of Defendant's contractual breach, the frustration of Plaintiff's contractual expectation, Plaintiff has suffered financial, reputational, and emotional injury.

## COUNT III: CONVERSION

40. Plaintiff readopts and reincorporates here the statements contained in paragraph 1 through 27 as if fully set forth here and further states as follows:

41. The Defendant unlawfully exercised control over Plaintiff's property because Defendants failed to transfer the received $970,000.00 to Plaintiff's U.S. investment account as agreed under their contract.

42. Plaintiff, as the rightful owner of the funds, was deprived of their possession and use of the $970,000.00 because of Defendants' actions or inactions.

43. Defendants' actions or omissions constitute a wrongful deprivation of Plaintiff's property rights because they failed to transfer the received $970,000.00 to Plaintiff's U.S. investment account as agreed under their contract.

44. Defendants' actions or omissions demonstrate an intent to exercise dominion or control over Plaintiff's property for their own benefit because of the failure to transfer the received $970,000.00 to Plaintiff's U.S. investment account or refund this amount to Plaintiff despite repeated requests.

45. As a direct and proximate result of Defendants' conversion, the frustration of Plaintiff's contractual expectation, Plaintiff has suffered financial, reputational, and emotional injury.

## COUNT IV: UNJUST ENRICHMENT

46. Plaintiff readopts and reincorporates here the statements contained in paragraph 1 through 27 as if fully set forth here and further states as follows:

47. Plaintiff conferred a benefit on Defendants by transferring $970,000.00 to them. Defendants retained the benefit under circumstances that make it unjust to retain the funds without repayment. Plaintiff is entitled to restitution.

48. Defendants were aware of, and had knowledge of, the benefits conferred upon the Defendants because they failed to transfer the received $970,000.00 to Plaintiff's U.S. investment account or refund this amount to Plaintiff.

## COUNT V: CIVIL CONSPIRACY

49. Plaintiff readopts and reincorporates here the statements contained in paragraph 1 through 27 as if fully set forth here and further states as follows:

50. Defendants Zephir G. Fritz and Astou Fritz entered into an agreement to broke the terms of the wire transfer contract of $970,000.00, which warranted defendants to wire this amount to Plaintiff's U.S. investment account or refund same to Plaintiff.

51. Defendants Zephir G. Fritz and Astou Fritz knowingly participated collectively and individually as agents of each other to accomplish an unlawful purpose resulting in the frustration of Plaintiff's contractual expectation, financial, and emotional injury.

52. Because Defendants Zephir G. Fritz and Astou Fritz concerted actions or inactions, including communications, receipt of funds and failure to transfer or refund, Plaintiff has directly and proximately suffered financial, reputational, and emotional injury.

## COUNT VI: CIVIL RICO (18 U.S.C. § 1962)

53. Plaintiff readopts and reincorporates here the statements contained in paragraph 1 through 27 as if fully set forth here and further states as follows:

54. Defendant JD Euroway Bancorp & Trust is an enterprise engaged in and whose activities affect interstate commerce as well as international commerce.

55. Defendant Zephyr Fritz was employed by and associated with JD Euroway Bancorp & Trust as its CEO.

56. Defendant Astou Fritz is the associate and business partner of Defendant Zephir G. Fritz and closely worked with him at JD Euroway Bancorp & Trust.

57. Defendants Zephir G. Fritz and Astou Fritz agreed to, conducted in, and participated in the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding the plaintiff as clearly elaborated in the preceding paragraphs.

58. Pursuant to, and in furtherance of, their fraudulent scheme, defendants Zephir G. Fritz and Astou Fritz committed multiple related acts of wire fraud.

59. The Defendants actions or inactions constitute a pattern of racketeering activity pursuant to 18 U.S.C. §1961 (5) because they failed to transfer the received $970,000.00 to Plaintiff's U.S. investment account as agreed under their contract.

60. Defendants Zephir G. Fritz and Astou Fritz conduct was part of a deliberate fraudulent scheme, and that multiple other individuals have been similarly defrauded by Defendants under the same or similar pretense.

61. Defendants Zephir G. Fritz and Astou Fritz have directly and indirectly conducted and participated in the conduct of JD Euroway Bancorp & Trust affairs through a pattern of racketeering activity described above, in violation of 18 U.S.C. §1962 9 (c).

62. Defendants Zephir G. Fritz and Astou Fritz action or lack thereof as stated so far caused Plaintiff to lose $970,000.00—the amount Plaintiff agreed with the defendants to be wired to his U.S. investment account.

63. As a direct and proximate result of Defendants Zephir G. Fritz and Astou Fritz racketeering activities and violations of 18 U.S.C. § 1962 (c), Plaintiff has been injured in his business in that the Defendants have stolen Plaintiff's monies in the amount of $970,000.00 obtained through a fraudulent scheme.

## COUNT VIII: NEGLIGENT MISREPRESENTATION

64. Plaintiff readopts and reincorporates here the statements contained in paragraph 1 through 27 as if fully set forth here and further states as follows:

65. Defendants owed a duty to exercise reasonably to the Plaintiff in representing their financial services. This duty requires the transmittal of accurate information from Defendants to Plaintiff.

66. Defendants breached that duty by providing false information regarding the purpose, timing, and security of the transfer of the funds.

67. Defendants' representations to Plaintiff were made with the intention of having Plaintiff act and rely upon Defendant's negligent assertions. The defendants were desirous of encouraging Plaintiff to rely upon their misrepresentations.

68. Defendants knew that Plaintiff would probably rely upon and was, in fact, relying upon Defendants' negligent statements and that Plaintiff would incur damage.

69. Plaintiff's action of authorizing $970,000.00 to be wired to Defendants under their transfer contract was accomplished in reliance on Defendants representations that this amount would be transferred to Plaintiff's U.S. investment account.

70. As a direct and proximate result of Defendant's misrepresentations, the frustration of Plaintiff's contractual expectation, Plaintiff has suffered financial, reputational, and emotional injury.

## COUNT IX: CONSTRUCTIVE FRAUD

71. Plaintiff readopts and reincorporates here the statements contained in paragraph 1 through 27 as if fully set forth here and further states as follows:

72. Plaintiff and Defendants maintained a relationship of trust and confidence because of the wire transfer contract of $970,000.00 to be transferred to Plaintiff's U.S. investment account.

73. Defendants used the relationship to Plaintiff's detriment and defendants' benefit because defendants failed to transfer the received $970,000.00 to Plaintiff's U.S. investment account or refund said amount to Plaintiff.

74. As a direct and proximate result of Defendants' fraudulent actions or inactions, the frustration of Plaintiff's contractual expectation, Plaintiff has suffered financial, reputational, and emotional injury.

### COUNT XII: BREACH OF FIDUCIARY DUTY

75. Plaintiff readopts and reincorporates here the statements contained in paragraph 1 through 27 as if fully set forth here and further states as follows:

76. Defendants maintained a fiduciary relationship with the Plaintiff by virtue of the financial mandate and the trust vested in them.

77. Defendants owed Plaintiff a fiduciary duty of loyalty and care. They breached this duty by misappropriating funds and failing to act in good faith.

78. Defendants breach of fiduciary duty caused the Plaintiffs to be deprived of $970,000.00 in defendants' possession.

79. As a direct and proximate result of the defendants' breach of fiduciary duty, the frustration of Plaintiff's contractual expectation, Plaintiff has suffered financial, reputational, and emotional injury.

## COUNT XIII: PROMISSORY ESTOPPEL

80. Plaintiff readopts and reincorporates here the statements contained in paragraph 1 through 27 as if fully set forth here and further states as follows:

81. The defendants undertook a course of conduct, including reassuring and encouraging actions and statements, which instilled in the Plaintiff confidence to authorize the wiring of $970,000.00 to Defendants.

82. The defendants, on numerous occasions, promised the plaintiff that such endeavors on its part acting as a financial institution, would result in $970,000.00 being wired to Plaintiff's U.S. investment account or refund this amount to Plaintiff.

83. The defendants reasonably expected that their representative and individual promises and actions would induce the Plaintiff to rely thereof.

84. The plaintiff reasonably relied upon the promises and representations of the defendants, their actions or inactions, their continued reassurance and allurement that the funds would be made available and would be forthcoming as a credit to him.

85. Plaintiff's reasonably reliance has resulted in detriment because the received $970,000.00 has neither been wired to Plaintiff's U.S. investment account or refunded to Plaintiff.

86. Injustice will result if the defendants promises and representations to wire the $970,000.00 to Plaintiff's U.S. investment account or refund are not enforced.

87. As a direct and proximate result of the defendants' promises and representations, the frustration of Plaintiff's contractual expectation, Plaintiff has suffered financial, reputational, and emotional injury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that the Defendants be held jointly and severally liable to the Plaintiff for the following:

A. Award actual damages of $970,000.00;

B. Award of compensatory damages;

C. Award punitive damages for fraud and malice;

D. Order the Defendants to repay all fees and commissions paid by the Plaintiff;

E. Order disgorgement, restitution, and equitable relief;

F. Award attorneys' fees, cost, pre and post judgement interest.

G. Grant any other relief deemed just and proper by this Court.

Respectfully submitted,

**FAH LAW GROUP, P.C.**

/s/ Joseph M. Nde Fah
_____

Joseph M. Nde Fah, Esq.
(Bar No.: MD0009)
8757 Georgia Avenue, Suite 440
Silver Spring, MD 20910
T: (301) 585 3314
F: (301) 585 0854
jfah@fahlawgroup.com

***Attorney for Plaintiff***

## JURY TRIAL DEMAND

The plaintiff hereby requests a jury trial on all questions of facts raised by his complaint.

Respectfully submitted,

**FAH LAW GROUP, P.C.**

/s/ Joseph M. Nde Fah
_____
Joseph M. Nde Fah, Esq.
(Bar No.: MD0009)
8757 Georgia Avenue, Suite 440
Silver Spring, MD 20910
T: (301) 585 3314
F: (301) 585 0854
jfah@fahlawgroup.com

***Attorney for Plaintiff***